```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CLINICAL INSIGHT, INC.,

                        Plaintiff,             11-CV-6019T

              v.                               DECISION
                                               and ORDER
LOUISVILLE CARDIOLOGY MEDICAL GROUP, PSC.,

                        Defendant.
_____
```

## INTRODUCTION

Plaintiff Clinical Insight, Inc., ("Clinical Insight") the owner of a computer software program known as "Pronto", brings this action against defendant Louisville Cardiology Medical Group, PSC, ("Louisville Cardiology"), a medical practice based in Louisville, Kentucky, claiming that Louisville Cardiology has breached a licensing agreement whereby Clinical Insight licensed the use of the Pronto software to the defendant. Clinical Insight claims that Louisville Cardiology has failed to pay annual license fees for its continued use of the software, and has violated the software licensing agreement by allowing third-parties to gain access to the software program. Louisville Cardiology denies plaintiff's claims, and brings a counterclaim alleging that Clinical Insight breached the licensing agreement by failing to provide full software functionality as promised in the licensing agreement. Specifically, defendant claims that the plaintiff failed to provide a "billing module" that would have allowed the defendant to use the Pronto software to generate billing data. Louisville Cardiology

contends that the promised billing module was a key component of the software, and that the failure of Clinical Insight to provide a functional billing module was a significant breach of the parties' agreement.

This case was originally filed in New York State Supreme Court, Monroe County, and was removed to this court by the defendant on the basis of diversity jurisdiction. Plaintiff now brings a motion for a Temporary Restraining Order and Preliminary Injunction against Louisville Cardiology claiming that because Louisville Cardiology was recently purchased by Baptist Healthcare Systems, an owner of several hospitals and other medical facilities in the Louisville, Kentucky metropolitan area, there is a significant likelihood that Baptist, which does not have a licensing agreement with Clinical Insight, will have access to the Pronto software. Plaintiff claims that access to Pronto by Baptist will result in irreparable harm because valuable trade secrets and proprietary information will be disclosed in violation of the licensing agreement and therefore, plaintiff's confidential intellectual property will be lost. Plaintiff asks that all software, manuals and other support material be immediately returned to Clinical Insight, and that Louisville Cardiology immediately stop using the Pronto software. Plaintiff also moves for summary judgment on its claim for specific performance, and asks the Court to order Louisville Cardiology to return the Pronto

software on grounds that the licensing agreement has been terminated, and upon termination, Louisville Cardiology is required to return the Pronto software. Finally, plaintiff also seeks dismissal of defendant's counterclaims.

Louisville Cardiology opposes plaintiff's motion, and alleges that it has not disclosed Pronto to Baptist or any other party, nor has it allowed Pronto to be used by Baptist or any other party. Rather, Louiseville Cardiology alleges that it has taken specific steps to ensure that the Pronto software is not accessed by any persons other than Louisville Cardiology personnel. According to the defendant, it no longer uses Pronto for its current medical records, and is in the process of transferring its older medical records from the Pronto software system to another electronic records system. Upon completion of the transfer, defendant states that it will no longer be using the Pronto software.

In its Counterclaim, defendant alleges that the Pronto software failed to function properly, and that as a result, Louisville Cardiology was required to spend significant amounts of money and man-hours to perform the billing operations that the Pronto software was supposed to perform.

For the reasons set forth below, I deny plaintiff's motion for a temporary restraining order and for summary judgment. I grant in-part and deny in-part plaintiff's motion to dismiss defendant's counterclaims.

BACKGROUND

Plaintiff Clinical Insight is the owner of a proprietary computer software program known as Pronto. According to the Complaint, Pronto is "an electronic medical record software product designed for use by cardiologists." Complaint at ¶ 7. Plaintiff alleges that in 2006, it entered into a licensing agreement with defendant Louisville Cardiology, whereby Louisville Cardiology agreed to pay an annual licensing fee of $19,050 for use of the Pronto software.

According to the plaintiff, after paying the first year licensing fee, Louisville Cardiology stopped paying the annual licensing fee for the Pronto software, but continued to use the software without a valid license. Despite the clause in the licensing agreement obligating Louisville Cardiology to return the software upon the expiration of the license, defendant has allegedly failed to do so. Plaintiff also alleges that the defendant has exceeded the number of users authorized to use Pronto, but has failed to pay additional licensing fees for use of the software by those users.

Defendant contends that upon delivery of the Pronto software, it was discovered that the software was missing what it considered to be a key component of the software, a billing module that was intended to allow billing records to be generated from the medical records stored in Pronto. Louisville Cardiology alleges that it

complained about the lack of functionality, and discontinued paying the annual license fee as a result of the missing billing module. Plaintiff contends that the billing module was a small component of the Pronto Software, and as a result of defendant's complaint, it reduced the amount of the licensing fee to reflect the missing billing module. Clinical Insight contends that despite lowering the amount of the license fee, Louisville Cardiology stopped paying the fee, but continued to use the software.

According to the Complaint, Louisville Cardiology continued to use Pronto without paying a licensing fee through 2010. Then, in late 2010, defendant's practice was purchased by Baptist Healthcare Systems. Because the licensing agreement between Clinical Insight and Louisville Cardiology prohibited assigning the use of Pronto to any successor, and prohibited Louisville Cardiology from allowing third parties to use Pronto, plaintiff filed the instant action in State Court seeking breach of contract and other damages. After the action was removed to this court, plaintiff sought the immediate relief of a Temporary Restraining Order prohibiting Louiseville Cardiology from disclosing Pronto to Baptist, or allowing Baptist to use Pronto, and seeking the immediate return of the Pronto software.

DISCUSSION

I. Motion for a Temporary Restraining Order

Clinical Insight seeks a Temporary Restraining Order directing Louisville Cardiology to return the Pronto software, and all accompanying materials and manuals. For the reasons set forth below, I deny plaintiff's motion.

A. Standard for issuing a Temporary Restraining Order.

A court may issue a Temporary Restraining Order only when the plaintiff demonstrates: 1) a substantial likelihood of success on the merits of the case; 2) that irreparable harm will occur if the Order is not issued; 3) that no other parties will be harmed if temporary relief is granted; and 4) that the public interest favors entry of the Order. The Nation Magazine v. Department of State, 805 F.Supp. 68 (D.D.C. 1992). See also, Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2nd Cir. 1979) (preliminary injunction may issue on showing that the party seeking the injunction is subject to irreparable harm; and (2) that the party will either likely succeed on the merits of the case, or that there are sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and that a balancing of the hardships between the parties weighs decidedly in favor of the party requesting the relief).

      B.    Plaintiff has failed to establish that it is entitled to <u>a Temporary Restraining Order</u>.

I find that Clinical Insight has failed to establish that it is entitled to a Temporary Restraining Order directing Louisville Cardiology to return the Pronto Software and all accompanying written materials.  Specifically, I find that plaintiff has failed to establish that it will suffer irreparable harm if the Pronto software is not immediately returned.  I further find that plaintiff has failed to establish that the immediate return of the Pronto software would not harm other parties.

      1.    Plaintiff has failed to establish that it will likely suffer irreparable harm if the Pronto Software is not <u>immediately returned</u>.

Clinical Insight claims that it will be subjected to irreparable harm if the Pronto Software is not returned because the software embodies proprietary intellectual property, and if third parties, such as Baptist, are given access to the software, it will lose forever the trade secrets and proprietary information contained in the software.  Clinical Insight contends that Louisville Cardiology agreed in the licensing agreement that Pronto contained proprietary intellectual property, that Louisville Cardiology was required to maintain the confidentiality of the Pronto System, and that disclosure of the Pronto Software to any third party would constitute a breach of the licensing agreement and would result in irreparable harm to Clinical Insight.

In opposition to the plaintiff's motion, Louisville Cardiology has provided a sworn affidavit from Karen Bell, ("Bell") the former Practice Administrator of Louisville Cardiology, and now a Practice Administrator for Baptist, who states that despite the sale of certain assets of Louisville Cardiology to Baptist, Louisville Cardiology retained ownership and control of the Pronto Software system, and has not allowed Baptist employees access to Pronto. See Affidavit of Karen Bell at ¶¶ 4-6.  According to Bell, when Baptist requires patient information stored in the Pronto System, Baptist employees contact current Louisville Cardiology employees, who then access the records using the Pronto system, and then transmit the records to Baptist, without allowing Baptist access to the Pronto system.  Id.
Bell further states that Louisville Cardiology is in the process of transferring its records from the Pronto system to a different software system, and that once the process is completed, Louisville Cardiology will no longer use the Pronto software.  Id. At ¶ 7.

Based on the evidence before me, I find that there is not a substantial risk that Clinical Insight's trade secrets will be lost as the result of the sale of certain assets of Louisville Cardiology to Baptist.  The evidence reveals that Louisville Cardiology retains some employees, and that only Louisville Cardiology employees have access to the Pronto Software.  I therefore find that Clinical Insight has failed to establish that

it will likely suffer irreparable harm if the Pronto software is not immediately returned.

Clinical Insight contends, however, that the evidence of record does not support a finding that Louiseville Cardiology has maintained the confidentiality of the Pronto software. Specifically, Clinical Insight claims that Louiseville Cardiology has failed to address whether or not any third party has access to Pronto as part of defendant's efforts to remove patient records from the Pronto System. I find however, that Louisville Cardiology has demonstrated that it has taken steps to ensure the confidentiality of the Pronto system. Should discovery reveal that defendant has breached the confidentiality provision of the licensing agreement, plaintiff may reassert its claims for injunctive relief.

> 2. Plaintiff has failed to establish that no other parties will be harmed if temporary relief is granted.

In addition to finding that Clinical Insight has failed to establish that it will suffer from irreparable harm, I find that plaintiff has failed to establish that issuance of a Temporary Restraining Order directing defendant to return the Pronto Software would not harm third parties. According to the defendant, it has stopped using Pronto as of December 31, 2010 for storing patient records. See Affidavit of Karen Bell at ¶ 9. However, older medical records for approximately 40,000 Louisville Cardiology patients are stored in the Pronto system. Id. at ¶ 3. Depriving

Louisville Cardiology access to the records of its patients would create a severe risk of danger to the patients of Louisville Cardiology and Baptist, and therefore, I decline to Order Louisville Cardiology to return the Pronto Software.

Clinical Insight contends that the potential danger stemming from lack of access to Medical Records is a condition that was created by Louisville Cardiology's decision to continue to use Pronto for several years without paying for the annual licensing fee. Plaintiff contends that the defendant should not be insulated from the consequences of its decision to continue using Pronto without paying for it.

Clinical Insight's argument, however, does not address the actual ramifications of denying Louisville Cardiology access to its patient's medical records. Nor does plaintiff's argument take into consideration that Louisville Cardiology allegedly stopped paying the annual licensing fee in 2008, and that Clinical Insight took no action to prevent Louisville Cardiology from using Pronto from that time until December, 2010, when Clinical Insight demanded that Louiseville Cardiology return Pronto. Indeed it was Clinical Insight, by failing to take action against the defendant for two years, that acquiesced to Louisville Cardiology's continued use of Pronto.

### 3. Plaintiff's Remaining Arguments

Plaintiff alleges in support of its request for a Temporary Restraining Order that it is likely to win on the merits of its contract action against Louisville Cardiology, and that because Louisville Cardiology has been sold to Baptist, Louisville Cardiology may not be able to satisfy a damage award. With respect to Louisville Cardiology's ability to satisfy a judgment, I note that plaintiff's request for a Temporary Restraining Order was made after Louisville Cardiology, or portions of it, was sold to Baptist, and did not seek to prevent the sale from occurring. Therefore the relief sought, the return of Pronto, would not have ameliorated the condition complained of.

With respect to plaintiff's contention that it will likely succeed on the merits of its claim, I find this argument to be without merit. Clinical Insight contends that Louisville Cardiology breached the licensing agreement entered into by the parties by failing to pay the licensing fees for the software. Defendant, however, has raised several facially valid defenses to the plaintiff's claims, including allegations that plaintiff failed to perform under the contract and therefore was not entitled to payment under the contract, and that plaintiff's failure to perform and breach of the contract precludes it from attempting to enforce or seek damages under the contract. At this early stage of the

litigation, the Court is unable to declare which parties are likely to succeed on which claims.

   II.   Motion for Summary Judgment

Clinical Insight seeks summary judgment on its claim for specific performance of the provision of the licensing agreement which provides that Louisville Cardiology must return the Pronto software upon termination of the licensing agreement by either party. For the resons set forth below, I deny plaintiff's motion for summary judgment.

   A.   Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. Scott v. Harris, 550 U.S. 372, 380 (2007). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. Scott, 550 U.S. at 380 (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986)).

  B. Plaintiff has failed to establish that it is entitled to <u>specific performance</u>.

To be entitled to the remedy of specific performance, the party seeking the remedy must establish: (1) the existence of a valid contract; (2) that the party seeking performance "has substantially performed under the contract and is willing and able to perform its remaining obligations;" (3) that party from whom the performance is sought "is able to perform its obligations," and (4) that the party seeking specific performance has no adequate remedy at law. <u>Travellers Int'l AG v. Trans World Airlines, Inc.</u>, 722 F.Supp. 1087, 1104 (S.D.N.Y.1989) (citation omitted); <u>DiPilato v. 7-Eleven, Inc.</u>, 662 F.Supp.2d 333, 345 (S.D.N.Y., 2009); <u>Edge Group WAICCS LLC v. Sapir Group LLC</u>, 705 F.Supp.2d 304, 312 (S.D.N.Y., 2010).

In the instant case, there are significant material facts in dispute as to whether or not Clinical Insight substantially performed under the contract such that it may seek the remedy of specific performance. Louisville Cardiology contends that plaintiff failed to provide the billing module promised with the Pronto software, and that such failure constituted a serious breach of the licensing agreement. Clinical Insight contends that the failure to provide the billing module was inconsequential to the issue of performance, and its admitted failure to provide the module does not constitute a significant breach of the licensing agreement. On the record before me, I can not hold as a matter of

law that the failure to provide the billing module was inconsequential. Because plaintiff has failed to establish that it substantially performed under the licensing agreement, I find that it is not entitled to summary judgment on its claim for specific performance.

### III. Motion to Dismiss Counterclaims

In its counterclaim, defendant alleges causes of action against Clinical Insight for breach of contract and unjust enrichment. Plaintiff contends that defendant can not state a claim for unjust enrichment because the parties' relationship is governed by a contract, and therefore, the remedy of unjust enrichment is unavailable. Plaintiff further alleges that defendant's claims of breach of contract are untimely on grounds that the claims relate to acts that occurred in 2006, and thus are barred by the one-year statute of limitations clause set forth in the licensing agreement.

#### A. Standard for Motion to Dismiss

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its

face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (disavowing the oft-quoted statement from Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965 (internal quotation marks omitted). Moreover, conclusory allegations are not entitled to any assumption of truth, and therefore, will not support a finding that the plaintiff has stated a valid claim. Hayden v. Patterson, 594 F.3d 150, 161 (2nd Circ., 2010). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974).

    B.    Defendant's Unjust Enrichment counterclaim fails to state a claim upon which relief may be granted.

The elements of claim for unjust enrichment under New York law are (1) a benefit to the defendant (2) at the plaintiff's expense,

which (3) in "equity and good conscience" should be restored. See Kaye, 202 F.3d at 616. Under New York law, quasi-contractual claims such as unjust enrichment are barred if a written contract between the parties governs the subject matter of their dispute. See Briggs v. Goodyear Tire & Rubber Co., 79 F.Supp.2d 228, 236 (W.D.N.Y.1999).

In the instant case, Louisville Cardiology alleges that Clinical Insight was unjustly enriched when it failed to provide the goods and services it agreed to provide in the licensing agreement, but nevertheless accepted full payment for the Pronto software. Because this claim is completely based on the contractual relationship between the parties, I grant plaintiff's motion to dismiss this counterclaim.

    C.    Defendant has stated a claim for Breach of Contract.

Louisville Cardiology contends that Clinical Insight breached the licensing agreement by failing to provide maintenance and support services for Pronto, and by failing to provide the billing module. To state a claim for breach of contract, a plaintiff must allege: (1) the existence of a valid contract, (2) performance of the contract by the plaintiff; (3) breach of the contract by the defendant; and (4) damages. First Investors Corp. v. Liberty Mut. Ins. Co., 152 F.3d 162, 168 (2nd Cir. 1998)(citing Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir.1994).

In the instant case, Louisville Cardiology has alleged that the parties entered into a valid licensing agreement, that it performed under the contract, that Clinical Insight failed to perform under the contract, and that it suffered damages as a result of Clinical Insight's alleged breach. Such allegations state a claim for breach of contract.

Clinical Insight claims, however, that Louisville Cardiology is precluded from bringing a claim for breach of contract because: Louisville Cardiology itself breached the licensing agreement; the time for bringing a breach of contract claim, as set forth in the licensing agreement, has passed; and the damages sought by Louisville Cardiology are precluded under the terms of the licensing agreement. I find, however, that whether or not the defendant significantly breached the contract raises a question of fact not appropriate for resolution on a motion to dismiss. I further find that the date of Louisville Cardiology's alleged breach is a question of fact that cannot be resolved at this juncture. Similarly, whether or not Louisville Cardiology's damages, if any, are precluded by the licensing agreement requires development of a factual record. These claims may be more appropriately resolved via a motion for summary judgment, and, should the evidence suggest that there was no good-faith factual basis upon which to assert such claims, a motion for sanctions.

CONCLUSION

For the reasons set forth above, I deny plaintiff's motion for a Temporary Restraining Order and for summary judgment.  I grant in-part and deny in-part plaintiff's motion to dismiss, and dismiss defendant's counterclaim based on unjust enrichment.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         April 22, 2011